WARD W. HAWKES *vs.* JOHN C. SPRAKER.

Middlesex. November 18, 1892. — January 5, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Mechanic's Lien — Issues — Motion for New Trial.*

If, in a petition to enforce a mechanic's lien for the labor furnished pursuant to a written entire contract to furnish the labor and materials for plumbing certain houses, an issue submitted to the jury and answered by them in the negative is identical with that for which it was substituted with the assent of the parties, the party aggrieved by the verdict has no ground of exception.

PETITION to enforce a mechanic's lien for the labor furnished pursuant to a written entire contract to furnish the labor and materials for plumbing certain houses in Malden. At the trial in the Superior Court, before *Bond*, J., there was evidence tending to show that the case had been tried before an auditor upon ten certain issues agreed to by the parties, and the auditor had answered the tenth issue in the affirmative. The tenth issue was as follows: " Does it appear that the petitioner, who filed in the Middlesex County Registry of Deeds a statement of an account of the amount due him, has wilfully and knowingly claimed more than his due ? "

At the commencement of the trial, the presiding judge suggested that there were too many issues, and that they should be lessened, to which both parties assented, and, after the evidence had closed, the presiding judge exhibited to both counsel three

issues, the second of which was as follows: "*Q.* Did the petitioner, in the statement which he filed in the registry of deeds, of the amount due him for labor, wilfully and knowingly claim more than was due him for such labor? *A.* No."

The respondent's counsel assented to these three issues, believing that the second was identical with the tenth of the original issues.

The judge in instructing the jury read to them the three new issues, and commented on them separately. Neither the respondent nor his counsel discovered that the new second issue differed from the original tenth issue until two or three days after the verdict, whereupon the respondent filed a motion for a new trial, alleging the above facts and making affidavit thereto, and alleging that the original tenth issue was the proper legal issue to have been submitted to the jury, and that the new second issue was not the proper legal issue, and that he had been aggrieved by the substitution, and that the trial was a mistrial. After hearing, the judge ruled that the new second issue was the proper legal issue to submit to the jury, and that therefore the respondent had no legal cause to complain of the change from the original tenth issue, and overruled the motion. The respondent alleged exceptions.

*W. S. Stearns & J. H. Butler*, for the respondent.

*J. W. Keith*, (*C. Abbott* with him,) for the petitioner.

BARKER, J. In legal effect, the issue submitted to the jury was identical with that for which it was substituted with the assent of the parties. The exceptions are frivolous.

*Exceptions overruled, with double costs.*